## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**LUIS M. MEDINA-VELAZQUEZ**, his spouse, **MARLENE J. PAREDES**, and the Conjugal Partnership Comprised by them; **GLADYS E. RIVERA BERDECIA**; **GERONIMO VAZQUEZ FERRER; JUAN J. MENDEZ CRUZ,** his spouse **MAYRA MENDEZ QUIÑONES,** and the Conjugal Partnership Comprised by them; **MARCOS CORDOVA DIAZ; TITO ENRIQUE DAVILA TORRES; HECTOR R. CRUZ MEDINA**; **ERIC E. CAMACHO RESTO; ROSALIA ROBLES-MERCADO, ANTONIO VELEZ-PERELEZ, and the Conjugal Partnership Comprised by them,**

     **PLAINTIFFS**,

**RUBEN A. HERNANDEZ GREGORAT** in his individual and official capacity as Secretary of Transportation and Public Works of the Commonwealth of Puerto Rico; **JUAN A. AVILES HERNANDEZ**, in his individual and official capacity as Executive Director of DTOP; **MOISES DEIDA GARCIA,** in his individual and official capacity as Interim Executive Director of DTOP; **HERIBERTO PEREZ PEREZ** his individual and official capacity as Executive Director of DISCO; **AMILCAR GONZALEZ ORTIZ**, his individual and official capacity as Auxiliary Secretary for Administration; **LUIS M. SANCHEZ CASANOVA**, in his individual and official capacities as Auxiliary Executive Director of Human Resources; **MARIA M. TRINIDAD QUIÑONES,** in her individual and official capacity as Human Resources Director of DTOP; **WOLDETRUDIS CRUZ TORRES**, in his individual and official capacity as Humacao Regional Director; **WANDA RODRIGUEZ GONZALEZ,** in her official capacity as Human Resources Coordinator of Humacao Region; **LUIS E. SANTOS PEREZ,** in his individual and official capacity as Interim Mayaguez Regional Director; **ROSANA M. AGUILAR ZAPATA**, in her individual and official capacity as Mayaguez Regional Director; **MARY L. FUSTER ROMERO,** in her individual and official capacity as Interim Director for the CESCO Ponce Region; **PATRICIA RIVERA VEGA**, in her individual and official capacity as Second Interim Director for the CESCO Ponce Region; **NOEL MORALES MERCADO**, in his individual and official capacity as Ponce Regional Director of CESCO; **VIDALIA PEÑA CASTRO**, in her individual and

**Civil No. 09-1692**

**CIVIL RIGHTS VIOLATION, JURY TRIAL DEMAND**

official capacity as Official Administrative in charge of Ponce Region of CESCO; **LUZ DEL C. ROLDAN SOTOMAYOR**, in her individual and official capacity as Aguadilla Regional Director; **AIDA DÍAZ NIEVES,** in her individual and official capacity as Executive Officer II in charge of Human Resources for the Aguadilla Region; **JOSE SOTO RIVERA**, in his individual and official capacity as Caguas Regional Director of CESCO; **PEDRO MACHIN RIVERA**, in his individual and official capacity as Caguas Regional Director of CESCO; **ENEIDA COLON RIVERA**, in her individual and official capacity as Interim Executive Supervisor in charge of Human Resources; **CARLOS RAMIREZ CENTENO**, in his individual and official capacity as Interim Director of the Office of Contracts and Acquisitions; **MAXIMO A. SANCHEZ SOLDEVILLA**, in his individual and official capacity as Ponce Regional Director; **MIGUEL ACEVEDO SANTIAGO**, in his individual and official capacity as Ponce Interim Regional Director; **ARMANDO J. CORDERO SANTIAGO**, in his individual and official capacity as the person in charge of Human Resources for the Ponce Region; and **JOSE VILLEGAS**, Chief of Conservation for the Humacao Region; **LINETTE PIRELA RIVERA**, in her individual and official capacity as the Regional Director of CESCO Guayama; **PEDRO L. BERRIOS RIVERA,** in his individual and official capacity as the Sub-Regional Director of CESCO Barranquitas; **LUZ M. LUNA-FIGUEROA,** in her individual and official capacity as the Interim Sub-Regional Director of CESCO Barranquitas; **MARCOS VICENTE HERNANDEZ**, in his individual and official capacity as the Administrative Officer in the CESCO Guayama Region

**DEFENDANTS**

## SECOND AMENDED COMPLAINT

**COME NOW** the plaintiffs, through their undersigned attorneys, and respectfully **STATE**, **ALLEGE** and **PRAY** as follows:

## JURISDICTIONAL STATEMENT

1.     This is a civil action filed by nine (9) employees of the Commonwealth of Puerto Rico's Department of Transportation and Public Works (hereinafter referred by the Spanish acronym "DTOP') who are being subjected to a work situation unreasonably inferior to the norm for those positions they occupy.  Plaintiffs have suffered: a pay cut in the form of an elimination of travel allowances which for all practical purposes had become a part of their salary and for which there is ample justification; constant curtailment of Plaintiffs' supervisory duties; permitting subordinates to circumvent their authority; taking functions and duties away so as to leave them with practically no tasks to perform; not inviting them to staff meetings; all of this simply because they are members of the Popular Democratic Party.

2.     Plaintiffs assert a violation of their rights under the First Amendment, due process and equal protection clauses of the Constitution of the United States, as well as under the laws and Constitution of Puerto Rico, and pray for equitable relief in the form of ceasing of all actions attempted directly or indirectly to curtail their supervisory duties, and legal relief in the form of economic and punitive damages, pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1983.  As this is a civil action brought pursuant to the laws and Constitution of the United States, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3.     This Court also has supplemental jurisdiction over all claims arising under the laws and Constitution of Puerto Rico pursuant to 28 U.S.C. § 1367.

4.     Venue is proper under 28 U.S.C. § 1391(b).

## THE PARTIES

5.     Plaintiff Luis M. Medina Velazquez is of legal age, resident of Puerto Rico and a citizen of the United States of America.  He lives in Yabucoa, Puerto Rico.

6.     Plaintiff Marlene J. Paredes is married to Plaintiff Luis M. Medina Velazquez, and together they form a Conjugal Partnership.  She joins this complaint as to all causes of action arising under the laws and Constitution of Puerto Rico.

7.     Plaintiff Gladys E. Rivera Berdecia is of legal age, resident of Puerto Rico and a citizen of the United States of America.  She lives in Sabana Grande, Puerto Rico.

8.     Plaintiff Geronimo Vazquez Ferrer is of legal age, resident of Puerto Rico and a citizen of the United States of America.  He lives in Guayama, Puerto Rico.

9.     Plaintiff Juan J. Mendez Cruz is of legal age, resident of Puerto Rico and a citizen of the United States of America.  He lives in Moca, Puerto Rico.

10.     Plaintiff Mayra Mendez Quiñones is married to Plaintiff Juan J. Mendez Cruz, and together they form a Conjugal Partnership.  She joins this complaint as to all causes of action arising under the laws and Constitution of Puerto Rico.

11.     Plaintiff Marcos Cordova Diaz is of legal age, resident of Puerto Rico and a citizen of the United States of America.  He lives in Caguas, Puerto Rico.

12.     Plaintiff Tito Enrique Davila Torres is of legal age, resident of Puerto Rico and a citizen of the United States of America. He lives in Carolina, Puerto Rico.

13.     Plaintiff Hector R. Cruz Medina is of legal age, resident of Puerto Rico and a citizen of the United States of America. He lives in Yauco, Puerto Rico.

14.     Plaintiff Eric E. Camacho Resto is of legal age, resident of Puerto Rico and a citizen of the United States of America. He lives in Las Piedras, Puerto Rico.

15.     Plaintiff Rosalía Robles-Mercado is of legal age, resident of Puerto Rico and a citizen of the United States of America.  She lives in Barranquitas, Puerto Rico Plaintiff Antonio

Vélez-Perelez is of legal age, resident of Puerto Rico and a citizen of the United States of America. He lives in Barranquitas, Puerto Rico.

16.     Defendant Rubén A. Hernández Gregorat (hereinafter "Hernández Gregorat") is the Secretary of Transportation and Public Works of the Commonwealth of Puerto Rico. In said capacity, he is the nominating authority of said Agency.  He is sued in his individual and official capacities for legal and equitable relief.

17.     Defendant Juan A. Aviles Hernandez (hereinafter "Aviles Hernandez") is the Executive Director of DTOP. In said capacity he has authority over all employees of DTOP including the plaintiffs and the Regional Directors for DTOP.  He was appointed by co-defendant Hernández Gregorat to this position. He is sued in his individual and official capacities for legal and equitable relief.

18.     Defendant Moises Deida Garcia, was the Executive Director of DTOP.  In said capacity he oversaw all personnel and their respective transactions of all employees of DTOP. He was appointed by either co-defendant Hernandez Gregorat and/or Aviles Hernandez to this position. He is sued in his individual and official capacities for legal and equitable relief.

19.     Defendant Heriberto Perez Perez is the Executive Director of DISCO. In said capacity he oversees all personnel and their respective transactions of all employees of DISCO. He was appointed by either co-defendant Hernandez Gregorat and/or Aviles Hernandez to this position. He is sued in his individual and official capacities for legal and equitable relief.

20.     Defendant Amilcar Gonzalez Ortiz is the Auxiliary Secretary for Administration. In said capacity he has authority over all employees of DTOP including the plaintiffs and the Regional Directors for DTOP and DISCO.  He was appointed by co-defendant Hernández

Gregorat to this position. He is sued in his individual and official capacities for legal and equitable relief.

21.     Defendant Luis M. Sanchez Casanova is the Auxiliary Executive Director of Human Resources. In said capacity he oversees all personnel transactions of all employees of DTOP including the plaintiffs and the Regional Directors for DTOP and DISCO.  He was appointed by co-defendant Hernandez Gregorat to this position. He is sued in his individual and official capacities for legal and equitable relief.

22.     Defendant Maria M. Trinidad Quiñones is the Human Resources Director for DTOP and DISCO. In said capacity she oversees all personnel transactions of all employees of DTOP and DISCO.  She was appointed by either co-defendant Hernandez Gregorat and/or Aviles Hernandez and/or Cruz Torres to this position. She is sued in her individual and official capacities for legal and equitable relief.

23.     Defendant Woldetrudis Cruz Torres is the Humacao Regional Director for DTOP. In said capacity he oversees all personnel and their respective transactions of all employees of DTOP in his region.  He was appointed by co-defendant Hernandez Gregorat and/or Aviles Hernandez to this position. He is sued in his individual and official capacities for legal and equitable relief.

24.     Defendant Wanda Rodríguez González, is the Human Resources Coordinator for the Humacao Region DTOP.  In said capacity she oversees all personnel transactions of all employees of DTOP in the Humacao Region.  She was appointed by either co-defendant Hernandez Gregorat and/or Aviles Hernandez and/or Cruz Torres to this position. She is sued in her individual and official capacities for legal and equitable relief.

25.     Defendant Luis E. Santos Pérez, was the Interim Mayaguez Regional Director.  In said capacity he oversees all personnel and their respective transactions of all employees of DTOP in her region.  He was appointed by either co-defendant Hernandez Gregorat and/or Aviles Hernandez to this position. He is sued in his individual and official capacities for legal and equitable relief.

26.     Defendant Rosana M. Aguilar Zapata is the Mayaguez Regional Director for DTOP. In said capacity she oversees all personnel and their respective transactions of all employees of DTOP in her region.  She was appointed by either co-defendant Hernandez Gregorat and/or Aviles Hernandez to this position. She is sued in her individual and official capacities for legal and equitable relief.

27.     Defendants Mary L. Fuster Romero, was the Interim Director for the CESCO Ponce Region.  In said capacity she oversees all personnel and their respective transactions of all employees of CESCO in this region.  She was appointed by either co-defendant Hernandez Gregorat and/or Aviles Hernandez to this position. She is sued in her individual and official capacities for legal and equitable relief.

28.     Defendant Patricia Rivera Vega, was the Second Interim Director for the CESCO Ponce Region.  In said capacity she oversees all personnel and their respective transactions of all employees of CESCO in his region.  She was appointed by either co-defendant Hernandez Gregorat and/or Aviles Hernandez to this position. She is sued in her individual and official capacities for legal and equitable relief.

29.     Defendant Noel Morales Mercado is the Ponce Regional Director for CESCO. In said capacity he oversees all personnel and their respective transactions of all employees of CESCO in this region.  He was appointed by either co-defendant Hernandez Gregorat and/or

Aviles Hernandez to this position. He is sued in his individual and official capacities for legal and equitable relief.

30.     Defendant Vidalia Peña Castro, is the Official Administrative in Ponce Region of CESCO. In said capacity she oversees all personnel and their respective transactions of all employees of CESCO in this region.  She was appointed by either co-defendant Hernandez Gregorat and/or Aviles Hernandez to this position. She is sued in her individual and official capacities for legal and equitable relief.

31.     Defendant Luz del C. Roldán Sotomayor is the Aguadilla Regional Director for DTOP. In said capacity she oversees all personnel and their respective transactions of all employees of DTOP in her region.  She was appointed by either co-defendant Hernandez Gregorat and/or Aviles Hernandez to this position. She is sued in her individual and official capacities for legal and equitable relief.

32.     Defendant Aida Díaz Nieves, in her individual and official capacity as Executive Officer II in charge of Human Resources for the Aguadilla Region. In said capacity she oversees all personnel and their respective transactions of all employees of DTOP in this region.  She was appointed by either co-defendant Hernandez Gregorat and/or Aviles Hernandez to this position. She is sued in her individual and official capacities for legal and equitable relief.

33.     Defendant José Soto Rivera, is the Caguas Regional Director of CESCO.  In said capacity he oversees all personnel and their respective transactions of all employees of CESCO in this region.  He was appointed by either co-defendant Hernandez Gregorat and/or Aviles Hernandez to this position. He is sued in his individual and official capacities for legal and equitable relief.

34.     Defendant Pedro Machín Rivera, in his individual and official capacity as Caguas Regional Director of CESCO. In said capacity he oversees all personnel and their respective transactions of all employees of CESCO in his region.  He was appointed by either co-defendant Hernandez Gregorat and/or Aviles Hernandez to this position. He is sued in his individual and official capacities for legal and equitable relief.

35.     Defendant Eneida Colón Rivera, was the Interim Executive Supervisor in charge of Human Resources. In said capacity she oversees all personnel and their respective transactions of all employees of CESCO in his region.  She was appointed by either co-defendant Hernandez Gregorat and/or Aviles Hernandez to this position. She is sued in her individual and official capacities for legal and equitable relief.

36.     Defendant Carlos Ramirez Centeno is the Interim Director of the Office of Contracts and Acquisitions. In said capacity he oversees all personnel and respective transactions of said office. He was appointed by either co-defendant Hernandez Gregorat and/or Aviles Hernandez to this position. He is sued in his individual and official capacities for legal and equitable relief.

37.     Defendant Maximo A. Sanchez Soldevilla is the Ponce Regional Director. In said capacity he oversees all personnel and their respective transactions of all employees in his region.  He was appointed by either co-defendant Hernandez Gregorat and/or Aviles Hernandez to this position. He is sued in his individual and official capacities for legal and equitable relief.

38.     Defendant Miguel Acevedo Santiago was the Interim Regional Director for Ponce.  In said capacity he oversees all personnel and their respective transactions of all employees in his region.  He was appointed by either co-defendant Hernandez Gregorat and/or

9

Aviles Hernandez to this position. He is sued in his individual and official capacities for legal and equitable relief.

39.     Defendant Armando J. Cordero Santiago is the Chief of Human Resources for the Ponce Region. In said capacity he oversees all personnel and their respective transactions of all employees in his region.  He was appointed by either co-defendant Hernandez Gregorat and/or Aviles Hernandez to this position. He is sued in his individual and official capacities for legal and equitable relief.

40.     Defendant  Jose Villegas is the Chief of Conservation for the Humacao Region. In said capacity he oversees all personnel and respective transactions of said office. He was appointed by either co-defendant Hernandez Gregorat and/or Aviles Hernandez to this position. He is sued in his individual and official capacities for legal and equitable relief.

41.     Defendant Linette Pirela Rivera, is the Regional Director of CESCO Guayama. In said capacity she oversees all personnel and their respective transactions of all employees in her region.  She was appointed by either co-defendant Hernandez Gregorat and/or Aviles Hernandez to this position. She is sued in her individual and official capacities for legal and equitable relief.

42.     Defendant Pedro L. Berrios Rivera is the Sub-Regional Director of CESCO Barranquitas.   In said capacity he oversees all personnel and their respective transactions of all employees in his region.  He was appointed by either co-defendant Hernandez Gregorat and/or Aviles Hernandez to this position. He is sued in his individual and official capacities for legal and equitable relief.

43.     Defendant Luz M. Luna-Figueroa was the Interim Sub-Regional Director of CESCO Barranquitas.   In said capacity she oversees all personnel and their respective

transactions of all employees in her region.   She was appointed by either co-defendant Hernandez Gregorat and/or Aviles Hernandez to this position. She is sued in her individual and official capacities for legal and equitable relief.

44.     Defendant Marcos Vicente Hernandez, is the Administrative Officer in the CESCO Guayama Region. In said capacity he oversees all personnel and their respective transactions of all employees of CESCO in this region.  He was appointed by either co-defendant Hernandez Gregorat and/or Aviles Hernandez to this position. He is sued in his individual and official capacities for legal and equitable relief.

## STATEMENT OF FACTS GENERAL TO ALL PLAINTIFFS

45.     Plaintiffs are all members of the Popular Democratic Party (hereinafter "PDP"), fact known to defendants at all times relevant to this action.

46.     Plaintiff's active membership in the PDP includes, without limitation: working as poll watcher during several general elections and plebiscites, and attending meetings at the Popular Democratic Party's premises, all have held trust positions during PDP administrations. Facts generally known at the agency and by the defendants specifically.

47.     Upon the change of administration to the New Progressive Party (hereinafter "NPP") the defendants began to systematically relieve duties and functions from the plaintiffs until they were left with none.

48.     All of the defendants are members of the NPP.

49.     The defendants would not allow them to attend meetings and either in writing or verbally instructed the plaintiffs' subordinates to report directly to the regional directors.

50.     Ultimately they were left with no one to supervise.

51.     Plaintiffs were left with little or no tasks.  On occasions the little assignments that were given were below their position.

52.     Plaintiffs in writing demanded that they be assigned tasks commensurate with their positions and in those communications identified their political affiliation as a motivating factor for the actions taken against them.

53.     These pleas went unanswered.

54.     Defendants either intentionally or with deliberate indifference wanted to humiliate the plaintiffs usurping all of their authority and/or for all intents and purpose demoted them with their actions.

55.     Defendants intend to either design a scheme to assert that their respective positions are not necessary and thereby justify their elimination, or create a work condition such that they would resign their respective positions.

56.     It is political affiliation that motivated and continues to motivate all of the defendants to conspire, order and/or deliberately be indifferent to the discriminatory acts perpetrated on the plaintiffs.

57.     The defendants, acting separately and collectively, either willfully or negligently, have caused all of the plaintiffs' economic and emotional harm.

58.     All of defendants' actions are merely a pretext to politically discriminate against the plaintiffs.

59.     If they are not stopped, this discriminatory practice will continue thereby requiring this Honorable Court's immediate intervention.

60.    The defendants' acts of discrimination have caused all the plaintiffs injury, not only to them but, in the particular case of those that are married, to their spouses and the conjugal partnership created between them.

61.    Defendant Rubén A. Hernández Gregorat utilized his position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks to the plaintiffs because of political animus towards them. His actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiffs.

62.    Defendant Juan A. Aviles Hernandez utilized his position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks to the plaintiffs because of political animus towards them. His actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiffs.

63.    Defendant Moises Deida García utilized his position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks to the plaintiffs because of political animus towards them. His actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiffs.

64.    Defendant Heriberto Pérez Pérez utilized his position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks to the plaintiffs because of political animus towards them. His actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiffs.

65.    Defendant Amilcar Gonzalez Ortiz utilized his position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks to the plaintiffs because of political animus towards them. His actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiffs.

66.     Defendant Amilcar Gonzalez Ortiz original challenged the placement of the plaintiffs asserting that he as a member of the NPP was discriminated against.  Thus establishing knowledge of the plaintiffs' political affiliation and the desire to harm them because of their political affiliation to the PDP.

67.     Defendant Luis M. Sanchez utilized his position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks to the plaintiffs because of political animus towards them. His actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiffs.

68.     Defendant Maria M. Trinidad Quiñones utilized her position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks to the plaintiffs because of political animus towards them. Her actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiffs.

69.     Defendant Woldetrudis Cruz Torres utilized his position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks to the plaintiffs because of political animus towards them. His actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiffs.

70.     Defendant Wanda Rodríguez González utilized her position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks to the plaintiffs because of political animus towards them. Her actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiffs.

71.     Defendant Luis E. Santos Pérez utilized his position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks to the

14

plaintiffs because of political animus towards them. His actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiffs.

72.     Defendant Rosana M. Aguilar Zapata utilized her position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks to the plaintiffs because of political animus towards them. Her actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiffs.

73.     Defendant Mary L. Fuster Romero utilized her position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks to the plaintiffs because of political animus towards them. Her actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiffs.

74.     Defendant Patricia Rivera Vega utilized her position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks to the plaintiffs because of political animus towards them. Her actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiffs.

75.     Defendant Noel Morales Mercado utilized his position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks to the plaintiffs because of political animus towards them. His actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiffs.

76.     Defendant Vidalia Peña Castro utilized her position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks to the plaintiffs because of political animus towards them. Her actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiffs.

77.     Defendant Luz Del C. Roldán Sotomayor utilized her position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks to the plaintiffs because of political animus towards them. Her actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiffs.

78.     Defendant Aida Díaz Nieves utilized her position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks to the plaintiffs because of political animus towards them. Her actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiffs.

79.     Defendant José Soto Rivera utilized his position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks to the plaintiffs because of political animus towards them. His actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiffs.

80.     Defendant Pedro Machín Rivera utilized his position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks to the plaintiffs because of political animus towards them. His actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiffs.

81.     Defendant Eneida Colón Rivera utilized her position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks to the plaintiffs because of political animus towards them. Her actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiffs.

82.     Defendant Carlos Ramirez Centeno utilized his position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks

to the plaintiffs because of political animus towards them. His actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiffs.

83.     Defendant Maximo A. Sanchez Soldevilla utilized his position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks to the plaintiffs because of political animus towards them. His actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiffs.

84.     Defendant Miguel Acevedo Santiago utilized his position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks to the plaintiffs because of political animus towards them. His actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiffs.

85.     Defendant Armando J. Cordero Santiago utilized his position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks to the plaintiffs because of political animus towards them. His actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiffs.

86.     Defendant  Jose Villegas utilized his position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks to the plaintiffs because of political animus towards them. His actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiffs.

87.     Defendant Linette Pirela Rivera utilized her position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks to the plaintiff because of political animus towards her. Her actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiff.

88.     Defendant Pedro L. Berrios Rivera utilized his position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks to the plaintiff because of political animus towards her. His actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiff.

89.     Defendant Luz M. Luna-Figueroa utilized her position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks to the plaintiff because of political animus towards her. Her actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiff.

90.     Defendant Marcos Vicente Hernandez utilized his position under the color of law and either instructed, conspired and/or was deliberately indifferent to the failure to assign tasks to the plaintiff because of political animus towards her. His actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the plaintiff.

### STATEMENT OF FACTS SPECIFIC TO PLAINTIFFS LUIS M. MEDINA VELAZQUEZ, MARLENE J. PAREDES AND THE CONJUGAL PARTNERSHIP FORMED BETWEEN THEM.

91.     Plaintiff Luis M. Medina Velazquez is of legal age, resident of Puerto Rico and a citizen of the United States of America.  He lives in Yabucoa, Puerto Rico.

92.     Plaintiff Luis M. Medina Velazquez is married to Plaintiff Marlene J. Paredes, and together they form a Conjugal Partnership.  She joins this complaint as to all causes of action arising under the laws and Constitution of Puerto Rico.

93.     Plaintiff Luis M. Medina Velazquez was employed as the Auxiliary Director I for the Humacao Region.

94.     At all times he performed his duties in excellent fashion.

95.     He is an active member of the PDP party, and has had the honor of serving in trust position during past PDP administrations.  His political activities are known to the defendants.

18

96.     He placed in writing his concern with the pattern of excluding him from supervising staff in the Humacao Region.  In the letter he indicates his political affiliation to the PDP and how that fact should not be the reason for the nonassignment of duties to him.

97.     This communication went unanswered.

98.     The acts by the defendants have caused and continue to cause him damages both economically and emotionally.

99.     He is married to plaintiff Marlene J. Paredes and together they have a legal conjugal partnership.

100.    She has suffered given the economic and emotional damage caused to her spouse and their legal conjugal partnership.  Indeed, the conjugal partnership has suffered damages and it continues to suffer because of the defendants.

101.    The defendants, because of their unconstitutional and tortious actions, are individually and jointly liable to them for their damages.

**STATEMENT OF FACTS SPECIFIC TO PLAINTIFF GLADYS E. RIVERA BERDECIA.**

102.    Plaintiff Gladys E. Rivera Berdecia is of legal age, resident of Puerto Rico and a citizen of the United States of America.  She lives in Sabana Grande, Puerto Rico.

103.    Plaintiff Gladys E. Rivera Berdecia is employed as the Auxiliary Director I for the Mayaguez Region.

104.    At all times she performed her duties in excellent fashion.

105.    She is an active member of the PDP party, and has had the honor of serving in trust position during past PDP administrations.   Her political activities are known to the defendants.

19

106.    She placed in writing her concerns with the pattern of excluding her from supervising staff in the Mayaguez Region.  In the letter she indicates her political affiliation to the PDP and how that fact should not be the reason for the nonassignment of duties to her.

107.    This communication went unanswered.

108.    The acts by the defendants have caused and continue to cause her damages both economically and emotionally.

109.    The defendants, because of their unconstitutional and tortious actions, are individually and jointly liable to her for damages.

**STATEMENT OF FACTS SPECIFIC TO PLAINTIFF GERONIMO VAZQUEZ FERRER.**

110.    Plaintiff Geronimo Vazquez Ferrer is of legal age, resident of Puerto Rico and a citizen of the United States of America.  He lives in Guayama, Puerto Rico.

111.    Plaintiff Geronimo Vazquez Ferrer is employed as the Auxiliary Director I for the Center for Driver Services.

112.    At all times he performed his duties in excellent fashion.

113.    He is an active member of the PDP party, and has had the honor of serving in trust position during past PDP administrations.  His political activities are known to the defendants.

114.    He placed in writing his concerns with the pattern of excluding him from supervising staff in the Center for Driver Services.  In the letter he indicates his political affiliation to the PDP and how that fact should not be the reason for the nonassignment of duties to him.

115.    This communication went unanswered.

116.    The acts by the defendants have caused and continue to cause him damages both economically and emotionally.

117.    The defendants, because of their unconstitutional and tortious actions, are individually and jointly liable to her for damages.

### STATEMENT OF FACTS SPECIFIC TO PLAINTIFFS JUAN J. MENDEZ CRUZ, MAYRA MENDEZ QUIÑONES AND THE CONJUGAL PARTNERSHIP FORMED BETWEEN THEM.

118.    Plaintiff Juan J. Mendez Cruz is of legal age, resident of Puerto Rico and a citizen of the United States of America.  He lives in Moca, Puerto Rico.

119.    Plaintiff Juan J. Mendez Cruz is married to Plaintiff Mayra Mendez Quiñones, and together they form a Conjugal Partnership.  She joins this complaint as to all causes of action arising under the laws and Constitution of Puerto Rico.

120.    Plaintiff Juan J. Mendez Cruz is employed as the Auxiliary Director I for the Aguadilla Region.

121.    At all times he performed his duties in excellent fashion.

122.    He is an active member of the PDP party, and has had the honor of serving in trust position during past PDP administrations.  His political activities are known to the defendants.

123.    He placed in writing his concern with the pattern of excluding him from supervising staff in the Aguadilla Region.  In the letter he indicates his political affiliation to the PDP and how that fact should not be the reason for the nonassignment of duties to him.

124.    This communication went unanswered.

125.    The acts by the defendants have caused and continue to cause him damages both economically and emotionally.

126.    He is married to plaintiff Mayra Mendez Quiñones and together they have a legal conjugal partnership.

127.    She has suffered given the economic and emotional damage caused to her spouse and their legal conjugal partnership.  Indeed, the conjugal partnership has suffered damages and it continues to suffer because of the defendants.

128.    The defendants, because of their unconstitutional and tortious actions, are individually and jointly liable to them for their damages.

### STATEMENT OF FACTS SPECIFIC TO PLAINTIFF MARCOS CORDOVA DIAZ.

129.    Plaintiff Marcos Cordova Diaz is of legal age, resident of Puerto Rico and a citizen of the United States of America.  He lives in Caguas, Puerto Rico.

130.    Plaintiff Marcos Cordova Diaz is employed as the Auxiliary Director I for the Center for Driver Services in the Caguas Region.

131.    At all times he performed his duties in excellent fashion.

132.    He is an active member of the PDP party, and has had the honor of serving in trust position during past PDP administrations.  His political activities are known to the defendants.

133.    He placed in writing his concerns with the pattern of excluding him from supervising staff in the Center for Driver Services.  In the letter he indicates his political affiliation to the PDP and how that fact should not be the reason for the nonassignment of duties to him.

134.    This communication went unanswered.

135.    The acts by the defendants have caused and continue to cause him damages both economically and emotionally.

136.    The defendants, because of their unconstitutional and tortious actions, are individually and jointly liable to him for damages.

### STATEMENT OF FACTS SPECIFIC TO PLAINTIFF TITO ENRIQUE DAVILA TORRES

137.    Plaintiff Tito Enrique Davila Torres is of legal age, resident of Puerto Rico and a citizen of the United States of America.  He lives in Carolina, Puerto Rico.

138.    Plaintiff Davila Torres is employed as the Auxiliary Director I for the Center for Office of Acquisitions and Contracts of the Department.

139.    At all times he performed his duties in excellent fashion.

140.    He is an active member of the PDP party, a fact known by defendants.

141.    On January 8, 2009, all of Plaintiff Davila Torres' work and supervisory functions were removed.

142.    On or about January 13, 2009, plaintiff Davila Torres' subordinates have been supervised and instructed by Mr. Carlos Ramirez Centeno, who does not meet the experience and education requirements for the job, following instructions from defendants Gonzalez Ortiz and Hernandez Gregorat, and no work has been assigned to him. On that same date, plaintiff Davila Torres submitted a copy of his job description and functions to Mr. Ramirez Centeno.

143.    Plaintiff Davila Torres is excluded from office meetings, starting with a meeting held on January 13, 2009. Examples of other meetings he has been excluded from were the ones held on February 2, 2009 and August 24, 2009. He has also been excluded from official office parties held. One example of this is an activity held on August 14, 2009.

144.    On January 26, 2009, he placed in writing his concerns with the pattern of excluding him from supervising staff and from performing ninety percent (90%) of his job functions, as detailed in DTOP-280. In the letter he indicates his political affiliation to the PDP and how that fact should not be the reason for the nonassignment of duties to him.

145.     His letter was referred by DTOP Sub-Secretary to Attorney Ana A. Olivencia. This communication was answered by Attorney Ana A. Olivencia on March 2, 2009. However, no action was taken by defendants and as of this date, plaintiff Davila Torres is not performing approximately ninety percent (90%) of his job functions.

146.     On June 12, 2009 plaintiff Davila Torres met with Mr. Ramirez Centeno, who refused to recognize his job functions as described in the DTOP-280.

147.     Defendant Trinidad has ignored plaintiff's requests that his constitutional rights be protected.

148.     The acts by the defendants have caused and continue to cause him damages both economically and emotionally.

149.     The defendants, because of their unconstitutional and tortious actions, are individually and jointly liable to him for damages.

**STATEMENT OF FACTS SPECIFIC TO PLAINTIFF HECTOR R. CRUZ MEDINA.**

150.     Plaintiff Hector R. Cruz Medina is of legal age, resident of Puerto Rico and a citizen of the United States of America.  He lives in Yauco, Puerto Rico.

151.     Plaintiff Cruz Medina is employed as the Storage Supervisor for the Ponce Region.

152.     At all times he performed his duties in excellent fashion.

153.     Since January 2009, plaintiff has been persecuted due to his political affiliation and has been denied his job and supervisory functions. Specifically, on April 29, 2009, plaintiff's job was assigned to Mr. Emilio Arocho Reyes (Zone Supervisor), although it was later retracted.

154.   He is an active member of the PDP party, and has participated in party activities such as the "Concilio de Populares" and attends large events.  His political activities are known to the defendants.

155.   Plaintiff has placed in writing his concern with the pattern of persecution and of excluding him from supervising staff and from his job functions.

156.   This communication went unanswered. Although, plaintiff has attended meetings to discuss his allegations, no action has been taken and his request for job functions has been ignored.

157.   Plaintiff has been subjected to negative comments regarding his political affiliation. As an example, Plaintiff has been told that he needs to understand that there has been a change in the political party that rules the government.

158.   The acts by the defendants have caused and continue to cause him damages both economically and emotionally.

159.   The defendants, because of their unconstitutional and tortious actions, are individually and jointly liable to him for his damages.

### STATEMENT OF FACTS SPECIFIC TO PLAINTIFF ERIC E. CAMACHO RESTO

160.   Plaintiff Eric E. Camacho Resto is of legal age, resident of Puerto Rico and a citizen of the United States of America.  He lives in Las Piedras, Puerto Rico.

161.   Plaintiff Camacho Resto is employed as the Auxiliary Engineer I for the Humacao Region.

162.   At all times he performed his duties in excellent fashion.

163.   He is an active member of the PDP party, a fact known by defendants. Plaintiff was in charge of conducting the PDP campaign in Las Piedras. In the year 2007, Mr.

Woldetrudis Cruz, Humacao Regional Director, openly discussed plaintiff's political affiliation to the PDP with an independent contractor of the agency. On or about August 12, 2008, Mr. Jose Villegas, Chief of Conservation and who supervises plaintiff, told him that when he had the power to do it, he would fire plaintiff.

164.    Since January 2009, plaintiff has not been assigned any functions, as per his DTOP-280, even though he has requested them verbally and in writing on various occasions. However no actions have been taken to correct the situation.

165.    As a matter of fact, plaintiff was assigned the task of organizing documents in an area that did not have the adequate work condition – full of rats and garbage.

166.    On July 15, 2009, plaintiff requested an investigation from Defendant Maria Trinidad Quiñones of the political persecution and discrimination that he was being subjected to.

167.    The acts by the defendants have caused and continue to cause him damages both economically and emotionally.

168.    The defendants, because of their unconstitutional and tortious actions, are individually and jointly liable to him for damages.

### STATEMENT OF FACTS SPECIFIC TO PLAINTIFF ROSALIA ROBLES-MERCADO, ANTONIO VELEZ-PERELEZ AND THE CONJUGAL PARTNERSHIP COMPRISED BY THEM

169.    Plaintiff Rosalia Robles-Mercado is of legal age, resident of Puerto Rico and a citizen of the United States of America.  She lives in Barranquitas, Puerto Rico.

170.    Plaintiff Robles-Mercado is employed as the Supervisor of Executive Officers for the CESCO in Barranquitas.

171.    At all times she performed her duties in excellent fashion.

172.    She is an active member of the PDP party, a fact known by defendants.

173.     On January 7, 2009, most of Plaintiff Robles-Mercado's work and supervisory functions were removed.

174.     On or about January 7, 2009, plaintiff Robles-Mercado's subordinates have been supervised and instructed by Mrs. Luz M. Luna Figueroa, an office clerk who does not meet the experience and education requirements for the job, following instructions from defendants Gonzalez Ortiz and Hernandez Gregorat, and no work has been assigned to her.

175.     On January 8, 2009, plaintiff Robles-Mercado placed in writing her concern with the removal of her functions and being supervised by subordinates.  In the letter she indicates her political affiliation to the PDP and how that fact should not be the reason for the nonassignment of duties to her.

176.     This communication went unanswered.

177.     The acts by the defendants have caused and continue to cause her damages both economically and emotionally.

178.     She is married to plaintiff Antonio Vélez-Perelez and together they have a legal conjugal partnership.

179.     He has suffered given the economic and emotional damage caused to his spouse and their legal conjugal partnership.  Indeed, the conjugal partnership has suffered damages and it continues to suffer because of the defendants.

180.     The defendants, because of their unconstitutional and tortious actions, are individually and jointly liable to them for their damages.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF FIRST AMENDMENT/ DUE PROCESS /EQUAL**
**PROTECTION RIGHTS UNDER THE UNITED STATES CONSTITUTION**

181.    Plaintiffs repeat and incorporate all the allegations contained thus far as if set forth fully herein.

182.    The foregoing evidences that the Defendants, under the color of law of their respective positions, have willfully and/or with deliberate indifference violated the plaintiffs' rights under the First, Fifth and Fourteenth Amendments to the Constitution of the United States (freedom of speech and association; due process; and equal protection)

183.    Plaintiff have been stripped of a substantial portion of their functions and duties so as to induce them to resign their positions or to otherwise substantiate a pretextual argument to eliminate their positions all due to their political affiliation to the PDP.

184.    As a result of the Defendants' unconstitutional and illegal conduct, including conspiring to do so, plaintiffs have been discriminated against and caused irreparable and continuing harm, emotionally, economically and in their civil rights, in the amount of no less than $1,000,000.00 each.   In addition, the plaintiffs pray for preliminary and permanent injunctive relief, in the form of monies lost and any applicable benefits, immediate reinstatement of their supervisory duties and prohibiting defendants from taking additional adverse employment actions because of their political affiliation to the Popular Democratic Party.

185.    Also, because the defendants have acted with deliberate indifference towards Plaintiff's constitutional rights, they are entitled to punitive damages in the amount of no less than $1,000,000.00 each.

186.    Plaintiffs' spouses as well as the conjugal partnership formed by particular plaintiffs have also suffered damages stemming from defendants' discriminatory and/or tortious

conduct towards their respective spouses, which entitle them to compensation in the amount of no less than $500,000.00 each.

## SECOND CAUSE OF ACTION:
## LAWS AND CONSTITUTION OF PUERTO RICO

187.    Plaintiffs repeat and incorporate all the allegations contained thus far as if set forth fully herein.

188.    The foregoing evidence that the Defendants, under the color of law of their respective positions, have willfully and/or with deliberate indifference violated the plaintiffs' rights action under the Constitution and laws of the Commonwealth of Puerto Rico, specifically Sections 1, 4, 6 and 7 of Article II of the Constitution of Puerto Rico; the Public Service Personnel Laws of Puerto Rico and merit system regulations, i.e. Law No. 184 of August 3, 2004, as amended and applicable jurisprudence; and Articles 1802 and 1803 of the Civil Code, § 5141-5142 of Title 31.

189.    As a result of the Defendants' unconstitutional and illegal conduct, plaintiffs have been subjected to adverse employment actions, and caused irreparable and continuing harm, emotionally, economically and in their civil rights, in the amount of no less than $1,000,000.00 each.

190.    Plaintiffs' spouses as well as the conjugal partnership formed by particular plaintiffs have also suffered damages stemming from defendants' discriminatory and/or tortious conduct towards their respective spouses, which entitle them to compensation in the amount of no less than $500,000.00.

## JURY DEMAND.

191.    Trial by Jury is requested in all causes of action.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully pray that the Court:

1.      Find that the defendants have violated Plaintiffs' rights under the first amendment, the due process and equal protection clauses of the United States Constitution; as well as under the laws and Constitution of Puerto Rico;

2.      Grant preliminary and permanent injunction restoring plaintiff's travel allowances, and any other applicable benefits; and prohibiting, restraining and enjoining, the defendants, agents or anyone acting in concert with them or pursuant to their orders; or their successors in any representative capacity from violating any Constitutional and statutory rights of the plaintiff, including the performance of their supervisory duties;

3.      Award damages to Plaintiffs in an amount no less than $1,000,000.00 each for pain and suffering, lost back pay, and other damages suffered as a result of the defendants' unconstitutional conduct;

4.      Award punitive damages to plaintiffs in an amount of no less than $1,000,000.00, or in such in such amount as may be deemed appropriate;

5.      Award damages to Plaintiffs' spouses and the legal conjugal partnership formed between them in an amount no less than $500,000.00 for pain and suffering afflicted as a result of the defendants' illegal conduct;

6.      Award pre judgment interest;

7.      Award plaintiffs' attorneys' fees and costs pursuant to 42 U.S.C.§1988; and

8.      Award such other and further relief as may be deemed just and proper.

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico, this 23rd day of December, 2009.

**Counsel for Plaintiffs:**

**LANDRÓN & VERA, LLP**
Attorneys at Law
Centro Internacional de Mercadeo
100 Carr. 165, Torre I, Suite 203
Guaynabo, Puerto Rico 00968
Tel.: (787) 774-5959
Fax: (787) 774-8181

S/: Eileen Landrón Guardiola
**EILEEN LANDRÓN GUARDIOLA**
**USDC-PR-203006**
**elandron@landronvera.com**

S/: Eduardo Vera Ramírez
**EDUARDO VERA RAMÍREZ**
**USDC-PR-209713**
**evera@landronvera.com**

S/: Luis Rodríguez Muñoz____
**LUIS RODRÍGUEZ MUÑOZ**
**USDC-PR-214511**
**lrodriguez@landronvera.com**

S/:  María Santiago Ramos
**MARIA SANTIAGO RAMOS**
USDC-PR-204612
**masantiago@landronvera.com**

s/: Judith Torres De Jesús
**JUDITH TORRES DE JESÚS**
USDC-PR 216908
E-mail: **jtorres@landronvera.com**