IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

LUIS M. MEDINA VELAZQUEZ, et al.
    Plaintiffs,

    v.

RUBEN A HERNANDEZ et al.
    Defendants.

Civil Action No. 09-1692 (GAG)

**OPINION AND ORDER**

    Co-Plaintiffs in this matter ("Plaintiffs") commenced this action, pursuant to 42 U.S.C. § 1983 ("§ 1983") seeking preliminary and permanent injunction against the individual defendants ("Defendants") to restore benefits associated with their employment positions. Plaintiffs also seek damages for pain and suffering associated with alleged violations of Plaintiffs' rights under the First, Fifth, and Fourteenth Amendments of the U.S. Constitution as well as under Sections 1, 4, 6 and 7 of Article II of the Constitution of Puerto Rico, Law No. 184 of August 3, 2004, P.R. Laws Ann. tit. 3, § 1462h; and Articles 1802 and 1803 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, §§ 5141-5142.

    This matter is presently before the court on Defendants' motions to dismiss (Docket Nos. 65 & 67). Plaintiffs failed to file a timely opposition, however the court granted additional leave for Plaintiffs to file their opposition (Docket No. 78). After reviewing the pleadings and pertinent law, the court **GRANTS in part and DENIES in part** Defendants' motions to dismiss (Docket Nos. 65 & 67).

**I.    Standard of Review**

    Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(6). When considering a motion to dismiss, the court must decide whether the complaint alleges enough facts to "raise a right

**Civil No. 09-1692 (GAG)**                                             2

to relief above the speculative level." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged –but it has not 'show[n]'– 'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950 (quoting Fed.R.Civ.P.8(a)(2)).

In sum, when passing on a motion to dismiss the court must follow two principles: (1) legal conclusions masquerading as factual allegations are not entitled to the presumption of truth; and (2) plausibility analysis is a context-specific task that requires courts to use their judicial experience and common sense. Id. at 1949-50 (citing Twombly, 550 U.S. at 555-56).  In applying these principles, courts may first separate out merely conclusory pleadings, and then focus upon the remaining well-pleaded factual allegations to determine if they plausibly give rise to an entitlement to relief. Iqbal, 129 S. Ct. at 1950.

**II.     Relevant Factual and Procedural Background**

Plaintiffs are a collective group of employees employed by various branches of the Department of Transportation and Public Works of the Commonwealth of Puerto Rico ("DTOP" from its Spanish acronym for Departamento de Transportación y Obras Públicas). Plaintiffs contend that they are all members of the Popular Democratic Party ("PDP").  Plaintiffs further allege that they are all active members of the party in that they have all attended meetings at the PDP premises and have all held trust positions during PDP administrations.  Furthermore, Plaintiffs contend that these facts are generally known at the agency and specifically by each of the defendants.

Defendants are a collective group of directing officers at various branches of a number of agencies within DTOP. Defendants are employed in different regions throughout Puerto Rico.

**Civil No. 09-1692 (GAG)**                                                3

Plaintiffs allege that all of the co-defendants are members of the New Progressive Party ("NPP").

Plaintiffs aver that they performed their job duties in excellent fashion. Plaintiffs contend that, upon the change in administration to the NPP, Defendants began to systematically relieve duties and functions from Plaintiffs until they were left with none. They allege that Defendants prevented them from attending meetings and subverted their authority by instructing Plaintiffs' subordinates to bypass them and report directly to the regional directors. Following the removal of these job responsibilities and privileges, Plaintiffs demanded, in writing, that they be assigned tasks commensurate with their positions. In these communications, Plaintiffs identified their political affiliation, alleging that their participation in the PDP was a motivating factor behind Defendants' actions. They further contend that their political affiliation motivated and continues to motivate all of the defendants to conspire, order, and/or deliberately be indifferent to the discriminatory acts perpetrated against the Plaintiffs. Plaintiffs contend that the acts by Defendants have caused and continue to cause damages both economically and emotionally.

In their second amended complaint (Docket No. 29), Plaintiffs separate the statement of facts specific to each Plaintiff. In order to address each Plaintiff's claim, the court will do the same. Statements regarding each individual Plaintiff will be highlighted only when they deviate from the general claims expressed in the previous paragraph.

1.   Luis M. Medina-Velázquez ("Medina") and Marlene J. Paredes

Plaintiff Medina was employed as the Auxiliary Director I for the Humacao Region. Medina's wife, Marlene J. Paredes, joins the complaint as to all causes of action arising under the laws and Constitution of Puerto Rico. The remaining allegations with respect to Plaintiff Medina are covered by the general allegations.

2.   Gladys E. Rivera-Berdecía ("Rivera")

Plaintiff Rivera is employed as the Auxiliary Director I for the Mayaguez Region. The remaining allegations with respect to Plaintiff Rivera are covered by the general allegations.

3.   Gerónimo Vázquez-Ferrer ("Vázquez")

**Civil No. 09-1692 (GAG)**                     4

Plaintiff Vázquez is employed as the Auxiliary Director I for the Center for Driver Services. The remaining allegations with respect to Plaintiff Vázquez are covered by the general allegations.

    4.    Juan J. Ménendez-Cruz ("Ménendez") and Mayra Ménendez Quiñones

Plaintiff Ménendez was employed as the Auxiliary Director I for the Aguadilla Region. Ménendez's wife, Mayra Ménendez Quinones, joins the complaint as to all causes of action arising under the laws and Constitution of Puerto Rico. The remaining allegations with respect to Plaintiff Menendez are covered by the general allegations.

    5.    Marcos Córdova-Diaz ("Córdova")

Plaintiff Córdova is employed as the Auxiliary Director I for the for the Center for Driver Services in the Caguas Region. The remaining allegations with respect to Plaintiff Córdova are covered by the general allegations.

    6.    Tito Enrique Dávila-Torres ("Dávila")

Plaintiff Dávila is employed as the Auxiliary Director I for the for the Center for Office of Acquisitions and Contracts of the Department. On January 8, 2009, all of Dávila's work and supervisory functions were removed. On or about January 13, 2009, Dávila's subordinates have been supervised and instructed by Mr. Carlos Ramirez Centeno, who does not meet the experience and education requirements for the job. No work has been assigned to him. Dávila has been excluded from office meetings, starting specifically with a meeting that took place on January 13, 2009. Similarly, Dávila was excluded from meetings that took place on February 2, 2009, and August 24, 2009, as well as an official office party held on August 14, 2009.

On January 26, 2009, Dávila communicated in writing his concerns with the pattern of excluding him from supervising staff and from performing ninety percent (90%) of his job functions. In this letter he indicated his political affiliation to the PDP. His letter was referred to Attorney Ana A. Olivencia. The communication was answered, however no action was taken by Defendants.

The remaining allegations with respect to Plaintiff Dávila are covered by the general allegations.

**Civil No. 09-1692 (GAG)**                              5

      7.      Héctor R. Cruz-Medina ("Cruz")

Plaintiff Cruz is employed as the Storage Supervisor for the Ponce Region. On April 29, 2009, Cruz's job was assigned to Emilio Arocho Reyes. Cruz contends that he has been subjected to negative comments regarding his political affiliation. As an example, Plaintiff has been told that he needs to understand that there has been a change in the political party that rules the government.

The remaining allegations with respect to Plaintiff Cruz are covered by the general allegations.

      8.      Eric E. Camacho-Resto ("Camacho")

Plaintiff Camacho is employed as the Auxiliary Engineer I for the Humacao Region. Camacho was in charge of conducting the PDP campaign in Las Piedras.

In 2007, Woldetrudis Cruz, Humacao Regional Director, openly discussed Camacho's political affiliation to the PDP with an independent contractor of the agency. On or about August 12, 2008, Jose Villegas, Chief of Conservation and Camacho's supervisor, told Camacho that when he had the power to do it he would fire him.

Since January 2009, Camacho has not been assigned to any functions as per his DTOP-280, even though he has requested them verbally and in writing on various occasions. Camacho alleges that he was assigned the task of organizing documents in an area that was full of rats and garbage. On July 15, 2009, Camacho requested an investigation from Defendant Maria Trinidad Quinones into the political persecution and discrimination that he suffered.

The remaining allegations with respect to Plaintiff Camacho are covered by the general allegations.

      9.      Rosalía Robles-Mercado ("Robles") and Antonio Vélez-Perez

Plaintiff Robles is employed as the Supervisor of Executive Officers for the Center of Services for Drivers ("CESCO" from its Spanish acronym for Centros de Servicios al Conductor) in Barranquitas. Robles' husband, Antonio Velez-Perez, joins the complaint as to all causes of action arising under the laws and Constitution of Puerto Rico.

**Civil No. 09-1692 (GAG)**                                6

On January 7, 2009, most of Robles' work and supervisory functions were removed. Since January 7, Robles' subordinates have been supervised and instructed by Mrs. Luz M. Luna Figueroa, an office clerk who does not meet the experience and education requirements for the job.

On January 8, 2009, Robles placed in writing her concern with the removal of her functions and the fact that she was being supervised by her subordinates.

The remaining allegations with respect to Plaintiff Robles are covered by the general allegations.

### III. Discussion

#### A. § 1983 Claims Against the Defendants

Plaintiffs allege violations of their First, Fifth and Fourteenth Amendment rights under the U.S. Constitution, for the alleged acts of political discrimination committed by the directing officers at the various divisions of DTOP. To state a valid political discrimination claim under § 1983, a plaintiff must demonstrate that the named defendants deprived him/her of a federally protected right under the color of state law and that the exercise of that right was a substantial factor in the adverse employment action. Aguiar Carrasquillo v. Agosto Alicea, 445 F.3d 19, 25 (1st Cir. 2006).

##### 1. Violation of Federally Protected Right

"[Section] 1983 creates no independent substantive rights, but rather provides a cause of action by which individuals may seek money damages for governmental violations of rights protected by federal law." Cruz-Erazo v. Rivera-Montanez, 212 F.3d 617, 621 (1st Cir. 2000) (citing Albright v. Oliver, 510 U.S. 266, 271 (1994). As such, Plaintiffs' § 1983 claims are grounded in violations of their rights under the First, Fifth and Fourteenth Amendments to the U.S. Constitution. In their motion to dismiss, Defendants aver that Plaintiffs' claims are not actionable under the rights protected by the Fifth and Fourteenth Amendments, and therefore pray for the outright dismissal of these claims.

The Fourteenth Amendment protects against deprivation of life, liberty, or property without the due process of law. U.S. Const. Amend. XIV. This due process guarantee has both procedural and substantive aspects. See Parker v. Hurley, 514 F.3d 87, 101 (1st Cir. 2008). The Supreme Court

**Civil No. 09-1692 (GAG)**                                                          7

has consistently held that substantive due process rights are violated by executive action "when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" County of Sacramento v. Lewis, 523 U.S. 833, 847 (1998).  "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protections of liberty and property."  Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972).

Defendants aver that the Plaintiffs' allegations do not state a viable claim under either the procedural or substantive components of the Fourteenth or Fifth Amendment, as plaintiffs have not pled the deprivation of a liberty or property interest encompassed under the court's jurisprudence.

With respect to their procedural due process claims, Plaintiffs allege that they have been stripped of their supervisory and other work duties.  However, even assuming that such allegations are true, under Puerto Rico law, one's interest in the functions of their job does not constitute a property interest for purposes of due process analysis. See Rosado de Vélez v. Zayas, 328 F. Supp.2d 202, 212 (D.P.R. 2004) ("[U]nder Puerto Rico law, public employees have a property interest in their continued employment, not in the functions they perform.")).  "Therefore, in allegedly taking away some of [plaintiff's] job duties, Defendants have not deprived [plaintiff] of any property interest." Torres-Martinez v. P.R. Dept. of Corr., 485 F.3d 19, 24-25 (1st Cir. 2007)

Plaintiffs also allege a violation of the Equal Protection Clause of the Fourteenth Amendment.  However, the First Circuit has held that "[a]n equal protection claim alleging political discrimination merely restates a First Amendment political discrimination claim and, as we have said repeatedly, should have been considered under the First Amendment."  Uphoff Figueroa v. Alejandro, 598 F.3d 423, 430 n.8 (1st Cir. 2010) (citing Morales-Santiago v. Hernández-Pérez, 488 F.3d 465, 471 (1st Cir. 2007); Pagán v. Calderón, 448 F.3d 16, 36 (1st Cir. 2006)).  As Plaintiffs have provided no independent grounds for this claim, they have failed to state a valid claim for violation of the Equal Protection Clause of the Fourteenth Amendment.

Therefore, the court **DISMISSES** Plaintiffs' claims against Defendants for violations of their rights protected under the Fifth and Fourteenth Amendments of the U.S. Constitution.

**Civil No. 09-1692 (GAG)**                              8

### 2. Political Discrimination Under the First Amendment

To prove a case of political discrimination, a plaintiff must make four showings: (1) the plaintiff and the defendant belong to opposing political affiliations; (2) the defendant has knowledge of the plaintiff's opposing political affiliation; (3) that a challenged employment action has occurred; (4) and sufficient evidence, whether direct or circumstantial, that the challenged employment action stemmed from politically based animus. González-De-Blasini v. Family Dept., 377 F.3d 81, 85 (1st Cir. 2004). In their motion to dismiss, Defendants contend that Plaintiffs have failed to allege sufficient facts to satisfy the pleading requirements of a *prima facie* case of political discrimination. Specifically, Defendants aver that Plaintiffs have failed as to the second and fourth elements of their claim.

With respect to the second element, Plaintiffs' general allegations, which apply to all of the Plaintiffs, contain a statement alleging that "Plaintiffs' political activities were generally known at the agency and by the defendants." (See Docket No. 29 at ¶ 46). Identical general statements, regarding Defendants' knowledge of each plaintiff's political affiliation, are included in the individual Plaintiff's specific facts as well. Such general allegations must be analyzed under the pleading requirements established under Iqbal. 129 S.Ct. 1937, 1950 ("pleadings that . . . are no more than conclusions, are not entitled to the assumption of truth."). In applying this standard, this court has previously held that the mere allegation that a defendant *knew*, without providing facts as to the source of this knowledge, is insufficient to satisfy a plaintiff's burden to demonstrate a defendant's knowledge of a plaintiff's political affiliation. See Jimenez-Gonzalez v. Alvarez-Rubio, 683 F. Supp. 2d 177, 183-84 (D.P.R. 2010) (finding that the assertion that defendants *knew* that plaintiffs were active members of the PDP was conclusory and therefore not sufficient to sustain plaintiffs' burden) (emphasis added); see also Del Toro-Pacheco v. Pereira-Castillo, 662 F. Supp. 2d 202, 215 (D.P.R. 2009) (plaintiff's conclusory allegation that defendant *knew* he was affiliated with the NPP did not suffice to demonstrate the element of knowledge) (emphasis added). Therefore, the court finds the general allegations insufficient to satisfy Plaintiffs' burden to demonstrate the element of knowledge.

**Civil No. 09-1692 (GAG)**                                     9

While the court has recognized that Plaintiffs' general allegations are insufficient to sustain a claim of political discrimination, Plaintiffs do provide separate specific allegations with regard to the individual plaintiffs that satisfy this pleading requirement. Specifically, plaintiff Camacho has provided facts elucidating how the named defendants were aware of his political affiliation. (See Docket No. 29 ¶ 163.) Plaintiff Camacho alleges that in 2007, defendant Woldetrudis Cruz, Humacao Regional Director, openly discussed plaintiff's political affiliation to the PDP with an independent contractor of the agency. Id. Camacho also avers that defendant Jose Villegas, a known NPP supporter, told Camacho that when he had the power to do it he (Villegas) would fire plaintiff. (See Docket No. 29 ¶ 163.) These factual allegations support Plaintiffs' legal conclusion that defendants Woldetrudis Cruz and Jose Villegas were aware of Camacho's affiliation to the PDP, and thus, "permit[s] the court to infer more than the mere possibility of misconduct." Iqbal, 129 S. Ct. at 1950.

Furthermore, Plaintiffs highlight that the second amended complaint included specific allegations as to each plaintiff, in which each plaintiff demanded in writing that they be assigned tasks commensurate with their positions and in those communications identified their affiliation to the PDP. These allegations in the amended complaint did not specify to which of the defendants these communications were sent. Therefore, the court was unable to determine, specifically, from these factual allegations, who had knowledge of each Plaintiff's political affiliations and whether this knowledge could have been a motivating factor in their decision to alter or fail to reinstate the plaintiffs' employment duties. The court ordered Plaintiffs to provide these letters to the court in an attempt to surmise whether the contents of said letters was sufficient to place each defendant on notice of the Plaintiffs' political affiliations. (See Docket No. 86.)

After an exhaustive review of these documents the court concludes that the contents of the letters satisfy this element of knowledge of political affiliation with regard to some of the plaintiffs and defendants, while as to the others, the letters fail to demonstrate this element. With respect to the letters sent by plaintiffs Medina, Méndez, and Cruz, the court finds that said letters are insufficient to satisfy this burden. Although these letters describe the writer's dissatisfaction with

**Civil No. 09-1692 (GAG)**                    10

their reduced duties, they fail to identify the writer's political affiliation, and do not mention any discriminatory conduct based on political animus. As these plaintiffs have failed to satisfy this element of a political discrimination claim, the court **DISMISSES** all claims brought by these plaintiffs. As to the remaining plaintiffs, the court finds that these plaintiffs have successfully pled individual political discrimination claims with respect to these specific defendants: (1) plaintiff Vázquez - as to defendants Ruben A. Hernandez-Gregorat, Heriberto Perez-Perez, Maria M. Trinidad-Quinoñes, Noel Morales-Mercado, Vidalia Peña Castro; (2) plaintiff Rivera - as to defendants Ruben A. Hernandez-Gregorat, Juan A. Avilies-Hernandez, Maria M. Trinidad-Quiñones, Rosana M. Aguilar-Zapata; (3) Córdova - as to defendant Pedro Machin-Rivera; (4) plaintiff Dávila - as to defendant Ruben A. Hernandez-Gregorat; (5) plaintiff Camacho - as to defendants Maria M. Trinidad-Quiñones, Woldetrudis Cruz-Torres, Jose Villegas; (6) plaintiff Robles - as to defendants Ruben A. Hernandez-Gregorat, Moises Deida-Garcia, Maria M. Trinidad-Quiñones, Luz M. Luna-Figueroa.

The above-mentioned defendants were either directly sent correspondence from the named plaintiffs or were forwarded the same. The allegations evidenced in these letters demonstrate that these defendants had, or should have had, knowledge of the named plaintiffs' political affiliations and either committed the alleged discriminatory acts or failed to take any action to rectify the same. Such allegations are sufficient to bring Plaintiffs' claims above the speculative level as they have provided a factual basis upon which to infer the knowledge and causation elements necessary to satisfy a §1983 claim at this stage. Therefore, with respect to these named plaintiffs and defendants, the court **DENIES** Defendants' motion to dismiss.

### B.     State Law Claims

"As a general principle, the unfavorable disposition of a plaintiffs federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims." Rodríguez v. Doral Mort. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995). In cases where the federal claims are dismissed, "the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will

**Civil No. 09-1692 (GAG)**                              11

point toward declining to exercise jurisdiction over the remaining state-law claims." Id. The use of supplemental jurisdiction in these circumstances is completely discretionary, and is determined on a case-by-case basis. Id.

As all of the federal claims by plaintiffs Medina, Mendez, and Cruz, have been dismissed, the court, in its discretion, **DISMISSES**, without prejudice, all state law claims brought by these plaintiffs. As to the remaining plaintiffs, the court will exercise its discretion to retain jurisdiction over their state law claims against the remaining defendants as all of these claims derive from a "common nucleus of operative facts." See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 39 (1st Cir.1998).[1]

**III.     Conclusion**

For the foregoing reasons, the court hereby **GRANTS in part and DENIES** in part Defendants' motions to dismiss (Docket Nos. 65 & 67). Remaining before this court are the § 1983 First Amendment claims and corresponding state law claims made by plaintiffs Vázquez, Rivera, Córdova, Dávila, Camacho, and Robles. The only remaining defendants before the court are Ruben A. Hernandez-Gregorat, Heriberto Pérez-Pérez, Maria M. Trinidad-Quiñones, Rosana M. Aguilar-Zapata, Pedro Machin-Rivera, Woldetrudis Cruz-Torres, Jose Villegas, Moises Deida-Garcia, and Luz M. Luna-Figueroa. All other claims and parties before this court are **DISMISSED**.

SO ORDERED.

In San Juan, Puerto Rico this 27th day of August, 2010.

---

[1] For example, plaintiff Gerónimo Vázquez-Rivera has federal claims as to defendants Ruben A. Hernandez-Gregorat, Heriberto Perez-Perez, Maria M. Trinidad-Quinoñes, Noel Morales-Mercado, and Vidalia Peña Castro. Therefore, Gerónimo Vázquez-Rivera also has supplemental state law claims as to the same individual defendants.

**Civil No. 09-1692 (GAG)**                12

s/ Gustavo A. Gelpí

GUSTAVO A. GELPI

United States District Judge