IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

LUIS A. MEDINA-VELAZQUEZ, et al.

Plaintiffs,

v.                                                              CIVIL NO. 09-1692 (GAG)

RUBEN HERNANDEZ-GREGORAT et al.

Defendants.

## OPINION AND ORDER

In this civil rights case, the remaining plaintiffs, Luis M. Medina-Velasquez ("Medina-Velasquez"), his spouse Marlene J. Paredes ("Paredes") and their conjugal partnership, Juan J. Mendez-Cruz ("Mendez-Cruz"), his spouse Mayra Méndez-Quiñones ("Méndez-Quiñones") and their conjugal partnership, and Hector R. Cruz-Medina ("Cruz-Medina"),[1] claim that their constitutional rights were violated by the defendants, Rubén A. Hernández-Gregorat ("Hernández-Gregorat"), Juan A. Avilés-Hernández ("Avilés-Hernández"), Amilcar González-Ortiz ("González-Ortiz"), Maria M. Trinidad-Quiñones ("Trinidad-Quiñones"), Woldetrudis Cruz-Torres ("Cruz-Torres") and Luz del C. Roldán-Sotomayor ("Roldán-Sotomayor").[2] (Docket No. 29 at 3.) Plaintiffs claim they suffered political discrimination by the defendant employers. (Docket No. 261 at 2.)

---

[1] (Docket No. 261 at 1.) See also Docket No. 210 (denying motion of 2010 dismissed plaintiffs to alter judgment and revisit their dismissal.) See also Document 214 at 2 (vacating dismissal of First Amendment derivative claims against Marlene J. Paredes and Mayra Méndez-Cruz.)

[2] Several defendants have been dismissed pursuant to the court's judgment in response to the first motion to dismiss (Docket No. 117) and by settlement agreement (Docket No. 199.)

**Civil No. 09-1692 (GAG/BJM)**

Presently before the court is the defendants' motion for summary judgment of the claims contained in the plaintiffs' second amended complaint. (Docket No. 251 at 2-4.)

## I.  Relevant Factual and Procedural Background

The plaintiffs are a group of employees employed by various branches of the Department of Transportation and Public Works for the Commonwealth of Puerto Rico ("DTOP"). The defendants are a group of directing officers at various branches of a number of agencies within DTOP. All plaintiffs are members of the Popular Democratic Party ("PDP"). (Docket No. 29 ¶ 45.) Defendants are members of the New Progressive Party ("NPP"). (Docket No. 29 ¶ 48.) In their second amended complaint, the plaintiffs contend that the defendants discriminated against them based on political affiliation. (Docket No. 29 ¶ 56, 58.) Specifically, the plaintiffs claim that they suffered curtailment of their supervisory responsibilities, circumvention of their authority, and exclusion from meetings because of their PDP affiliation. (Docket No. 261 at 2.)

The plaintiffs seek preliminary and permanent injunction to restore benefits associated with their employment positions. They also seek damages for alleged violations of their rights under the First, Fifth and Fourteenth Amendments to the U.S. Constitution, as well as under Sections 1, 4, 6 and 7 of Article II of the Constitution of Puerto Rico, Law No. 184 of August 3, P.R. LAWS ANN. Tit. 3, § 1462h, and Articles 1802 and 1803 of the Civil Code of Puerto Rico, P.R. LAWS ANN. Tit. 31, §§ 5141-42.

The plaintiffs filed their original complaint on July 22, 2009. (Docket No. 1.) Since then, they have amended their complaint twice, adding additional plaintiffs, defendants and claims. (Docket Nos. 9, 10, 29.) On August 27, 2010, the court dismissed the claims of plaintiffs Medina-Velásquez, Méndez-Cruz and Cruz-Medina. (Docket Nos. 93, 117.) The First Circuit

vacated the dismissal, but narrowed the plaintiffs' claims to political discrimination claims under the First Amendment. (Docket No. 214.)

Pursuant to the First Circuit's opinion, the following claims remain: (1) Medina-Velázquez's First Amendment claim and Paredes' derivative claim against Rubén Hernández-Gregorat, Juan Avilés-Hernández, María Trinidad-Quiñones and Woldetrudis Cruz-Torres; (2) Méndez-Cruz's First Amendment claim and Mayra Méndez-Quiñones's derivative claim against Luz del Carmen Roldán-Sotomayor, Hernández-Gregorat and Avilés-Hernández; and (3) Cruz-Medina's First Amendment claim against Trinidad-Quiñones, Hernández-Gregorat, Avilés-Hernández, and González-Ortiz. (Docket No. 214 at 21.) The Court of Appeals remanded the case for resolution of these First Amendment claims. (Id.)

The defendants moved for summary judgment in 2012. (Docket Nos. 146, 148, 152, 154 and 156.) After the court conducted a hearing on these motions, all five were denied because the court concluded that genuine issues of material fact existed as to all defendants, which must be resolved by a jury. (Docket No. 184).

**II.     Standard of Review**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see Fed. R. Civ. P. 56(a). "An issue is genuine if 'it may reasonably be resolved in favor of either party' at trial, . . . and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (internal

citations omitted).  The moving party bears the initial burden of demonstrating the lack of evidence to support the non-moving party's case.  Celotex, 477 U.S. at 325.  "The movant must aver an absence of evidence to support the nonmoving party's case.  The burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both genuine and material."  Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994).  The nonmovant may establish a fact is genuinely in dispute by citing particular evidence in the record or showing that either the materials cited by the movant "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R.Civ. P. 56(c)(1)(B).  If the court finds that some genuine factual issue remains, the resolution of which could affect the outcome of the case, then the court must deny summary judgment.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party and give that party the benefit of any and all reasonable inferences.  Id. at 255.  Moreover, at the summary judgment stage, the court does not make credibility determinations or weigh the evidence.  Id.  Summary judgment may be appropriate, however, if the nonmoving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation."  Forestier Fradera v. Mun. of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (quoting Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

**III.    Legal Analysis**

Pursuant to 42 U.S.C. § 1983, the plaintiffs claim that the defendants violated their First Amendment rights by stripping them of a substantial portion of their duties at work because of

their political affiliation with the PDP. (Docket No. 29 ¶ 183.) In order to state a valid Section 1983 claim, the plaintiffs must establish three elements: (1) that the conduct complained of was committed by a person acting "under color of state law;" (2) that the conduct deprived the plaintiffs of rights secured by the Constitution or laws of the United States; and (3) that the defendants were personally and directly involved in the causing the violation of federally protected rights. E.g., Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 560-61 (1st Cir. 1989) (citations omitted).

The First Amendment protects non-policymaking public employees from adverse employment action due to political affiliation. E.g., Rutan v. Republican Party of Ill., 497 U.S. 62, 75-76 (1990); Padilla-Garcia v. Guillermo Rodriguez, 212 F.3d 69, 74 (1st Cir. 2000). To establish a *prima facie* case of political discrimination, a plaintiff must demonstrate that: (1) the plaintiff and the defendant belong to opposing political affiliations; (2) the defendant had knowledge of the plaintiff's opposing political affiliation; (3) an adverse employment action occurred, and; (4) political affiliation was a substantial or motivating factor behind the challenged employment action. See Martinez-Velez v. Rey-Hernandez, 506 F.3d 32, 39 (1st Cir. 2007); Peguero-Moronta v. Santiago, 464 F.3d 29, 48 (1st Cir. 2006). Additionally, the plaintiff "must make a fact-specific showing that a causal connection exists between the adverse treatment and the plaintiff's political affiliation." Aviles-Martinez v. Monroig, 963 F.2d 2, 5 (1st Cir. 1992) (citing Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 58 (1st Cir. 1990)).

If the plaintiff establishes his *prima facie* case, the burden shifts to the defendant to articulate a non-discriminatory ground for the adverse employment action and to establish, by a preponderance of the evidence, that the same action would have been taken regardless of the

**Civil No. 09-1692 (GAG/BJM)**

plaintiff's political beliefs. Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). In response, the plaintiff may rebut the non-discriminatory reason, either circumstantially or directly, by producing evidence that that discrimination was more likely than not a motivating factor. Padilla-Garcia, 212 F.3d at 77 (citations omitted). Ultimately, summary judgment is only warranted if the defendants produce evidence that political discrimination did not constitute a "but for" cause for the adverse employment action. Mendez-Aponte v. Puerto Rico, 656 F. Supp. 2d 277, 285 (D.P.R. 2009).

### A. *Prima Facie* Case

The court again concludes that the plaintiffs have established a *prima facie* case of political discrimination. The defendants' previous motions for summary judgment were essentially the same as the motion presently before the court. In the previous motions, the defendants argued that the plaintiffs failed to state a *prima facie* case of political discrimination. Specifically, they argued that the defendants did not know the political affiliation of the plaintiffs at the time. (Docket Nos. 46 at 4; 150 at 4; 152 at 4; 154 at 11.) Additionally, they argued that the defendants were not personally involved in any adverse employment action the plaintiffs suffered. (Docket Nos. 154 at 11; 156 at 15.)

In the instant motion, the defendants again argue that the plaintiffs have failed to plead facts to support a *prima facie* case of political discrimination. However, the defendants have pointed to no facts or circumstances to distinguish this motion from their previous motions for summary judgment, which the court denied after concluding that material issues of fact preclude summary judgment. Neither can the court discern any facts or circumstances that would now make summary judgment appropriate.

6

**Civil No. 09-1692 (GAG/BJM)**

The First Circuit has also already held that the plaintiffs satisfied their burden of pleading facts to support a *prima facie* case of political discrimination in its opinion on the appeal of the motion to dismiss. (Docket No. 214). The First Circuit evaluated the defendants' argument that the plaintiffs failed to allege facts indicating that the defendants had knowledge of the plaintiffs' political affiliation and that political affiliation was a substantial or motivating factor for the adverse employment action. (Docket No. 214 at 11-14; 15-20.) The First Circuit determined that the plaintiffs made "a number of non-conclusory allegations that together support the inference that the defendants knew of their political affiliations." (Docket No. 214 at 12.) Additionally, the First Circuit found that the letters the plaintiffs sent to the remaining defendants sufficed to put them on notice of the alleged violations. (Docket No. 214 at 20.) Whether the defendants actually received these letters is "a factual question appropriate for jury determination." (Id. at 19) (quoting Rodriguez-Garcia v. Municipality of Caguas, 495 F.3d 1, 13 (1st Cir. 2007)).

### B. Non-discriminatory Basis for Adverse Employment Action

In the instant motion for summary judgment, the defendants again do not provide a non-discriminatory basis for any adverse employment action. Instead, the defendants repeat the same arguments that this court and the Court of Appeals have already rejected regarding the plaintiffs' failure to state a *prima facie* case. Therefore, the court concludes that there remain material disputes of fact, including as to the basis for the adverse employment actions suffered by the plaintiffs.

### C. Qualified Immunity

Defendants also raise the affirmative defense of qualified immunity. (Docket No. 251 at 16.) Qualified immunity protects government officials "from liability for civil damages insofar as

7

their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009). A court must decide whether the plaintiff has presented facts demonstrating that he suffered a violation of a constitutional right, and whether that right was "clearly established" at the time of the alleged violation. Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir. 2009). Importantly, whether defendants are entitled to qualified immunity "is a legal question for the court to decide." Rodriguez-Marin v. Rivera-Gonzalez, 438 F.3d 72, 78 (1st Cir. 2006).

The court notes that the defendants merely recite the governing doctrine and background for qualified immunity analysis. The defendants fail to articulate any basis for the court to find that qualified immunity should apply to these defendants in this case, merely stating that they "did address Plaintiffs Méndez and Medina's complaints and that they acted reasonably and without political animus." (Docket No. 251 at 17.)

Nonetheless, First Circuit precedent has clearly and consistently established that reduction in responsibility, when alleged in the context of a political discrimination claim, violates the Frist Amendment. E.g. Agosto-de-Feliciano v. Aponte-Roque, 889 F.2d 1209, 1218 (1st Cir. 1989) (abrogated on other grounds by Maldonado, 568 F.3d at 263). Thus, the court concludes that the defendants are not entitled to qualified immunity because the constitutional rights at issue were clearly established at the time of the alleged violations. See also Acevedo-Garcia v. Vera-Monroig, 204 F.3d 1, 5-6 (1st Cir. 2000) (holding that defendants who argued they "acted in an objectively reasonable manner . . ." were not entitled to qualified immunity because "the law protecting [plaintiffs] from the politically-motivated changes in work conditions and responsibilities was clearly established.").

**Civil No. 09-1692 (GAG/BJM)**

IV. **Conclusion**

In sum, the Court **DENIES** the defendants' motion for summary judgment at Docket No. 251.

**SO ORDERED.**

In San Juan, Puerto Rico this 6th day of November, 2015.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge
